UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CENTERPOINT PROPERTIES TRUST, )<br>)<br>       *Plaintiff* )<br>)<br>v. )<br>)<br>KARL S. NORBERG, et al., )<br>)<br>       *Defendants* ) | No. 2:13-cv-175-JAW |

### ORDER ON MOTION TO INTERVENE[1]

The United States of America ("United States") moves to intervene as of right in this action pursuant to Federal Rule of Civil Procedure 24(a). *See* Motion To Intervene ("Motion") (ECF No. 6). No opposition has been filed, although, as the United States observes, *see id*. at 3, the ECF Docket does not reflect that either defendant has been served with the summons and complaint, *see generally* ECF docket. For the reasons that follow, the Motion is granted.

### I. Applicable Legal Standards

Rule 24 provides, in relevant part, that, "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter

---

[1] "There is a split of authority as to whether a motion to intervene is a non-dispositive matter within the meaning of Federal Rule of Civil Procedure 72(a)." *Los Cangris v. UMG Recordings, Inc*., Civil No. 10-1349 (JAG), 2012 WL 1952824, at *6 n.5 (D.P.R. May 30, 2012); *see also In re New Motor Vehicles Canadian Exp. Antitrust Litig*., MDL No. 03-md-1532, 2009 WL 861485, at *1 n.2 (D. Me. Mar. 26, 2009). In *Los Cangris*, United States Magistrate Judge Marcos E. López treated a motion to intervene as non-dispositive, reasoning, in the absence of First Circuit authority on the matter, that his ruling would not dispose of a "party's" claim or defense within the meaning of Federal Rule of Civil Procedure 72(a) and that 28 U.S.C. § 636(b)(1)(A) permits a United States District Judge to designate a United States Magistrate Judge to determine pending pretrial matters with exceptions that do not include motions to intervene. *Los Cangris*, 2012 WL 1952824, at *6 n.5. In *New Motor*, my colleague, United States Magistrate Judge Margaret J. Kravchuk, also treated a motion to intervene as non-dispositive. *See New Motor*, 2009 WL 861485, at *1. I do the same here.

1

impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

As the First Circuit has construed this rule:

> It follows that a would-be intervenor must demonstrate that: (i) its motion is timely; (ii) it has an interest relating to the property or transaction that forms the foundation of the ongoing action; (iii) the disposition of the action threatens to impair or impede its ability to protect this interest; and (iv) no existing party adequately represents its interest. Each of these requirements must be fulfilled; failure to satisfy any one of them defeats intervention as of right.
>
> Determining whether the necessary showings have been made requires a series of judgment calls – a balancing of factors that arise in highly idiosyncratic factual settings. Moreover, the inherent imprecision of Rule 24(a)(2)'s individual elements dictates that the rule should be applied with an eye toward the commonsense view of the overall litigation.

*Ungar v. Arafat*, 634 F.3d 46, 50-51 (1st Cir. 2011) (citations and internal quotation marks omitted).

## II. Discussion

The United States demonstrates each of these elements as follows.

1. **Timeliness**. Whether a motion to intervene is timely depends on the progress of the case, as well as "1) the length of time the intervenor knew [its] interest was imperiled; 2) the foreseeable prejudice to the existing parties if intervention is granted, or to the intervenor if it is denied; and 3) any idiosyncratic circumstances which weigh for or against intervention." *Geiger v. Foley Hoag LLP Retirement Plan*, 521 F.3d 60, 65 (1st Cir. 2008) (citation and internal quotation marks omitted). "The more advanced the litigation, the more . . . scrutiny the motion [to intervene as of right] must withstand." *Id.* at 64 (citation and internal quotation marks omitted).

This case is in an early stage, and little has as yet transpired. On March 27, 2013, the plaintiff filed this case in the Maine Superior Court, Penobscot County, seeking to domesticate

and enforce a judgment obtained against defendants Karl S. Norberg and Pamela W. Gleichman in the Circuit Court of Cook County, Illinois, in the amount of $77,521,535.05.  *See* Complaint (ECF No. 4-18), attached to Declaration Upon Removal of Action ("Removal Decl.") (ECF No. 4).  The plaintiff that day obtained an order of attachment and trustee process.  *See* Order on Motion for Ex Parte Attachment and Trustee Process (ECF No. 4-10), attached to Removal Decl.  The following month, it served summonses on several financial institutions, including TD Bank.  *See* Docket Record ("Superior Court Docket") (ECF No. 4-1), attached to Removal Decl.  On or about April 23, 2013, TD Bank answered the summons, stating that it had goods, effects, or credits of the named defendants in the amount of $90,409.87.  *See* ECF No. 4-3, attached to Removal Decl.  Promptly thereafter, on May 8, 2013, the United States removed the action to this court, representing that, in response to the summons, TD Bank had erroneously garnished an account of the defendants in which the United States had an interest.  *See* Notice of Removal of Civil Action (ECF No. 1).  The only activity in this case since then has been the issuance on June 14, 2013, of summonses to the defendants and the filing on July 17, 2013, of the Motion.  *See* ECF Nos. 5, 5-1, & 6.  There is no discernible prejudice to the parties in granting the Motion and discernible prejudice to the United States in denying it.

       2.      **Interest in the Litigation**.  "While the type of interest sufficient to sustain intervention as of right is not amenable to precise and authoritative definition, a putative intervenor must show at a bare minimum that it has a significantly protectable interest that is direct, not contingent."  *Public Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 205 (1st Cir. 1998) (citations and internal quotation marks omitted).  The United States demonstrates, through citation to legal authority and a declaration of Virginia Manuel, the State Director of Rural Development for the Maine State Office of the United States Department of Agriculture

("USDA"), that public interests that it is legally bound to protect are jeopardized by TD Bank's garnishment of certain of the defendants' assets.

Specifically, the United States puts forth evidence that, on March 29, 2013, in response to the March 27, 2013, summons issued by the Maine Superior Court, TD Bank garnished a reserve account of the defendants that was designed to pay for maintenance of and capital improvements to Elsemore Estates, a multifamily housing development in Dixfield, Maine, owned and operated by the defendants.  *See* Declaration of Virginia Manuel ("Manuel Decl.") (ECF No. 6-1), attached to Motion, ¶¶ 3-11.  The opening of the reserve account was required as a condition of loans made to the defendants by the USDA's Rural Housing Service ("RHS") to finance the operation and maintenance of Elsemore Estates.  *See id*. ¶¶ 1, 4-5.  The reserve account was opened on August 8, 2006, as a "New Non-Personal Account" for the benefit of Elsemore Estates by "Karl S. Norberg DBA Elsemore Est Res & USDA" and requires that any withdrawal be accompanied by two signatures, one of which must be that of a USDA-authorized signer.  *See id*. ¶¶ 6-8.

USDA regulations require that funds deposited in a reserve account be used only for certain purposes, such as major capital improvements, certain housing project operating expenses, and other purposes that in RHS's judgment will "promote the loan purposes, strengthen the security or facilitate, improve, or maintain the housing and the orderly collection of the loan without jeopardizing the loan or impairing the adequacy of the security."  *Id*. ¶ 9; 7 C.F.R. § 3560.306(h).  Much-needed repairs to Elsemore Estates are scheduled to begin before the end of April that were to be paid for by funds in the reserve account; however, TD Bank has told the USDA that it will not free those funds without a court order.  *See* Manuel Decl. ¶¶ 12-

14. The garnishment, thus, threatens a significantly protectable, direct interest that the United States is tasked to promote.

    3. **Impairment of Ability To Protect Interest**. The third factor is intertwined with the second. *See, e.g., Canadian Nat'l Ry. Co. v. Montreal, Me. & Atlantic Ry., Inc.*, No. CV 10-452-B-W, 2010 WL 5168003, at *5 (D. Me. Dec. 14, 2010) (considering second and third factors together "since the magnitude or extent of an intervenor's interest will be in part a function of how much the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest.") (citations and internal quotation marks omitted). This litigation tangibly impacts the public interest that the reserve account was created to protect, jeopardizing a necessary rehabilitation project. As the United States observes, "[i]f the funds in the reserve account were to remain frozen via attachment, or were to be disbursed to Plaintiff in satisfaction of its foreign judgment against Defendants, the United States not only would be impaired in its ability to protects its interest, it would lose its interest entirely." Motion at 5.

    4. **Adequacy of Representation by Existing Parties**. "[A]n applicant for intervention need only make a minimal showing that the representation afforded by existing parties likely will prove inadequate." *Patch*, 136 F.3d at 207. "Nonetheless, the adequacy of interest requirement is more than a piper tiger." *Id*. "A party that seeks to intervene as of right most produce some tangible basis to support a claim of purported inadequacy." *Id*. The United States points out, and it is apparent on the face of the complaint, that the plaintiff's interest is in the release of the funds to satisfy its judgment, an interest hostile to that of the United States. *See* Motion at 5; *see generally* Complaint. As the United States notes, *see* Motion at 5, it is unclear whether the defendants, who appear to be residents of Illinois, *see* Complaint ¶¶ 2-3, intend to defend themselves in this action. However, the United States plausibly surmises that, if

they do, their interest in avoiding judgment against themselves personally will outweigh any interest in ensuring the proper use of the reserve account funds.  *See* Motion at 5-6.

A panoptic view of the United States' position leads to the same conclusion as review of the four individual factors.  The United States is tasked to protect a threatened public interest that no party to this litigation can be expected to champion absent its intervention.

### III.  Conclusion

For the foregoing reasons, the Motion is **GRANTED**, and the United States is permitted to intervene as of right in this matter.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 22nd day of August, 2013.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge